**In re Milos TOMASEVIC, Debtor.**

**No. 99–14375–8C3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 14, 2002.

Roy A. Diaz, Smith & Hiatt, P.A., Fort Lauderdale, FL, for Wilshire Credit Corporation.

Terry Smith, Bradenton, FL, trustee.

*ORDER ON DEBTOR'S MOTION TO COMPEL ANSWERS, SANCTIONS AND COSTS*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This case came on for hearing on June 11, 2002, of the debtor's Motion to Compel Answers, Sanctions and Costs filed on March 20, 2002 (Document No. 165). The motion seeks relief as against a creditor, Wilshire Credit Corporation ("Wilshire" or "the bank"). Wilshire filed a response on June 3, 2002 (Document No. 178), and the debtor filed a reply a few minutes before the June 11 hearing (Document No. 180).

The facts and procedural posture of this case as it relates to Wilshire and the debtor are recited at length in this court's Order Determining Debtor's Objection to Claim No. 3 entered on October 25, 2001 (Document No. 119) [275 B.R. 103 (Bankr. M.D.Fla.2001)]. They need not be repeated here. Suffice it to say that Wilshire holds the second mortgage on the debtor's home. The debtor was current with Wilshire at the time he filed his Chapter 13 bankruptcy case. The court confirmed a Chapter 13 plan that provided that the debtor would make his post-petition mortgage payments directly to Wilshire or "outside the plan." Because Wilshire claimed no arrearage on the mortgage, the plan did not provide for any payments through the plan to cure arrearages. The court allowed Wilshire's secured claim but provided that the claim would not be provided for or paid through the plan. The court also allowed Wilshire a second secured claim for $2,569 that would also neither be provided for nor paid through the plan. The court further directed that Wilshire make certain adjustments to the debtor's account and provide certain information to the debtor.

In the pending motion, the court understands that the debtor makes two principal complaints about Wilshire. First, the debtor complains that Wilshire has not complied with the directions of the court as contained in the October 25 order. Second, the debtor complains that Wilshire has violated the provisions of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), in connection with the servicing of his mortgage loan after the filing of the bankruptcy case.

## I.

The court's October 25 order included the following decretal provisions:

1. The debtor's objection to Claim No. 3 is sustained. As of September 2, 1999, Wilshire shall have an allowed secured claim in the amount that would be due under the original terms of the loan according to the original amortization of the loan according to the loan documents. The debtor shall be credited with making all payments timely when due through and including the payment due on September 1, 1999. This claim is allowed in this bankruptcy case but is neither provided for nor to be paid through the plan. Wilshire shall retain its mortgage lien.

2. As of September 2, 1999, Wilshire shall also have a secured claim in the amount of $2,569 for prepetition attorney's fees and costs. Wilshire is entitled to interest on the claim at the rate applicable to the judgment of foreclosure entered on March 17, 1999, from February 23, 1999, to the date paid. This claim is allowed in this bankruptcy case but is neither provided for nor to be paid through the plan. It shall therefore survive any discharge entered in this bankruptcy case. Wilshire shall retain its judgment lien for this amount until paid notwithstanding the fact that the mortgage shall be cured and reinstated upon the completion of the debtor's plan.

3. Wilshire is further directed to provide an accounting to the debtor of his mortgage loan that credits the debtor's account as paid timely up to and through November 1, 2000, and that further reflects any and all payments received after that date and through the date of the entry of this order.

4. Wilshire shall also promptly provide to the debtor a current amortization schedule consistent with the terms of this order.

At the hearing, it became clear that Wilshire has in fact not complied with these provisions. Although Wilshire gave to the debtor a "payoff letter," a copy of which is attached to the debtor's reply (Document No. 180), the account information included in that letter is as of October 15, 2000—a year before the account history required in decretal paragraph 3 of the court's order. In addition, instead of treating the mortgage loan secured claim and the attorney's fees secured claim separate as contemplated in decretal paragraphs 1 and 2 of the court's order, Wilshire has added the amount of the attorney's fees to the debtor's mortgage account and has then applied a ten percent interest rate to the total.[1] In short, Wilshire has not made the adjustments to the loan as ordered. In addition, Wilshire has provided neither the account history nor the amortization schedule ordered by the court after making the adjustments to the loan as ordered by the court. Wilshire has thereby frustrated the debtor—and the court—by failing to provide to the debtor a clear statement of the debtor's account reflecting the court ordered treatment of the Wilshire claim that was intended by the court to provide the base from which the debtor could pay his mortgage loan to Wilshire on a going forward basis.

The debtor seeks sanctions for Wilshire's failure to comply with the court's order. Counsel for Wilshire argued at the hearing that Wilshire's failure to comply

---

1. The mortgage loan accrues interest at the contract rate of 11.9 percent. The attorney's fee claim accrues interest at the rate of ten percent in accordance with the provisions of decretal paragraph 2 of the court's October 25 order.

was not willful, attributed the failure to his lack of understanding of what the court required, and assured the court that he would immediately work with Wilshire to ensure that it complied promptly. Although the court was satisfied with the willingness to comply as expressed by counsel, the court cannot excuse Wilshire's non-compliance. The court's order clearly stated what needed to be done in simple and straightforward terms. Wilshire failed to make the manual adjustments and reports required.

Counsel's argument to the effect that the October 25 order is on appeal and that Wilshire is awaiting the outcome of the appeal before making adjustments to the loan is not persuasive. The October 25 order has not been stayed pending appeal. Unless and until the order is disturbed on appeal, parties are required to comply with it.

In these circumstances, the court finds Wilshire's failure to comply to be willful so that sanctions are justified. In determining an appropriate sanction, the court focuses on the consequences of Wilshire's failure and the harm the debtor has suffered as a result. Here, the only tangible harm the court can identify that the debtor has suffered is the accrual of Wilshire's attorney's fees to be charged to the debtor under the terms of the promissory note and mortgage. In this regard, the court notes that Wilshire's response to the pending motion (Document No. 178) claims $2,975.91 in post-petition attorney's fees, presumably incurred in connection with the debtor's objection to the Wilshire claim and in responding to the debtor's pending motion.

The debtor should not have had to file and prosecute his motion to secure Wilshire's compliance with the provisions of the October 25 order. The debtor was the substantially prevailing party in the claims litigation that led to the entry of the October 25 order. In these circumstances, the court deems the most appropriate sanction to be a prohibition against Wilshire's assessment of attorney's fees under the promissory note and mortgage from the date of the filing of the bankruptcy case to the date of compliance with the terms of this order. In this way, the debtor will not be charged by Wilshire for the time of its attorneys that led to the treatment and compliance that the debtor should have received in the first place. Imposing a sanction beyond that would be inappropriate, however, because it would only be punitive.

## II.

■ The debtor also seeks damages against Wilshire on account of its alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, or "RESPA." At the hearing, however, the debtor conceded that the alleged violations about which he complains in his motion relate solely to Wilshire's post-petition servicing of his mortgage loan.

Unlike the United States district court, the bankruptcy court does not have general federal question jurisdiction. *See* 28 U.S.C. § 1331. The bankruptcy court's jurisdiction is limited solely to cases under Title 11 and proceedings arising under Title 11 and arising in or related to cases under Title 11. 28 U.S.C. § 1334.

In other words, the bankruptcy court has jurisdiction of any "cause of action . . . created by title 11 [the Bankruptcy Code]." 1 L. King, *Collier on Bankruptcy,* ¶ 3.01[4][c][i] at 3–20 (15th ed. rev.2002). In addition, the bankruptcy court has jurisdiction of causes of action that relate to the bankruptcy case that "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon

the handling and administration of the bankruptcy case." *Id.* at ¶ 3.01[4][c][ii][B] at 3–25. Finally, the bankruptcy court has jurisdiction over administrative matters within the bankruptcy case that could not have been "the subject of a lawsuit absent the filing of a bankruptcy case." *Id.* at ¶ 3.01[4][c][iv] at 3–29.

■ The bankruptcy court has *no* jurisdiction over "litigation that would not impact upon the administration of the bankruptcy case, or on property of the estate, or on the distribution to creditors...." *Id.* at ¶ 3.01[4][c][v] at 3–29.[2]

The debtor's motion to compel and for sanctions for Wilshire's alleged violations of RESPA falls into this last category. It concerns post-petition disputes between the debtor and Wilshire that do not impact or impair the court's administration of the bankruptcy case. These disputes have no connection with the debtor's performance or payment under the debtor's Chapter 13 plan.[3] In addition, these disputes implicate no issue with respect to property of the estate. *See Telfair v. First Union Mortgage Corp. (In re Telfair),* 216 F.3d 1333, 1340 (11th Cir.2000) [payments made outside of plan are not property of the estate]. Finally, the motion does not implicate any issue that impacts or impairs distribution to creditors. Wilshire is not being treated in the plan, and this dispute therefore does not affect the debtor's payments to other creditors under the plan.

Clearly, therefore, the court has no jurisdiction over this dispute between Wilshire and the debtor.

The debtor complained at the hearing that the court has previously demonstrated its willingness to adjudicate similar disputes arising under RESPA and implied that the court is being inconsistent by concluding that it is without jurisdiction to determine this dispute. It is true that the court determined RESPA issues as to Wilshire in the October 25, 2001, order (Document No. 119) [275 B.R. 103, 114–17 (Bankr.M.D.Fla.2001)], RESPA issues as to Washington Mutual Bank in a February 20, 2002, order (Document No. 160) [273 B.R. 682, 685–90 (Bankr.M.D.Fla.2002)], and Truth in Lending Act issues as to Washington Mutual Bank in an October 25, 2001, order (Document No. 118) [275 B.R. 86, 100–02 (Bankr.M.D.Fla.2001)]. The debtor fails to appreciate, however, that those disputes involved the determination of purely pre-petition issues or post-petition issues that were inextricably intertwined with pre-petition issues so that there was no question as to the bankruptcy court's jurisdiction. Any suggestion of inconsistency is therefore misplaced.

### III.

Accordingly, for the reasons stated above, the motion is granted in part and denied in part as follows:

1. The motion to compel as it relates to the debtor's claim of Wilshire's non-compliance with the court's order of October 25, 2001, is granted. The court hereby orders Wilshire to comply with the provisions of the court's October 25 order. No later than July 11, 2002, Wilshire shall make the adjustments to the loan account as ordered. No later than that date, Wilshire shall also provide to the debtor the information and documentation required by the court and file a copy of the compliance package in the court file.

---

**2.** The court has described these principles in greater detail in *Wood v. Ghuste (In re Wood),* 216 B.R. 1010, 1013–15 (Bankr.M.D.Fla. 1998).

**3.** This is a confirmed case. The debtor is scheduled to complete his plan around September 2002.

2. As a sanction for Wilshire's previous non-compliance with the October 25 order, the court hereby directs Wilshire to assess no attorney's fees against the debtor under the promissory note and mortgage on account of work performed by its attorneys from the date of the filing of the bankruptcy case on September 2, 1999, to the date Wilshire files its compliance package in accordance with the provisions of this order.

3. The motion to compel as it relates to the debtor's claims under RESPA is denied without prejudice to the debtor's right to assert those claims in a court of competent jurisdiction.